# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 2:19-cr-136 |
| | | | Also Case No. 2:21-cv-5081 |

|  |  |  |
|---|---|---|
| | | District Judge James L. Graham |
| - vs - | | Magistrate Judge Michael R. Merz |

RICO DESHAWN HEAD, JR.,

|  |  |  |
|---|---|---|
| | Defendant. | : |

## REPORT AND RECOMMENDATIONS

This proceeding under 28 U.S.C. § 2255 was brought *pro se* by Defendant Rico Deshawn Head, Jr., to obtain relief from his conviction in this case.  The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 123).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

Defendant's Motion to Vacate has not yet received the screening required by Rule 4, but this Report embodies the results of that screening.

**Litigation History**

On June 6, 2019, a grand jury for this District indicted Head on six counts (Indictment, ECF No. 12).  On September 3, 2020, Head entered into a Plea Agreement with the United States (ECF No. 72) under which he would plead guilty to Counts 5, 6, 7, and 8 of the Indictment (¶ 1). The parties stipulated to the attached Statement of Facts and agreed it provided a sufficient factual basis for the plea (¶ 7).  The United States agreed not to prosecute Head for any other offenses that were part of the same course of conduct, not to oppose a two-level reduction in the Guideline calculation for acceptance of responsibility, and to dismiss the remaining counts of the indictment (¶ 8).

¶ 9 of the Agreement provides:

> **Waiver of Appeal**: In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum. Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255 and 18 U.S.C. § 3582. However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

*Id.* at PageID 126.

¶ 14 provides:

> **Defendant's Acknowledgment:** The Defendant has read and understands this plea agreement; the Defendant accepts this plea

2

> agreement knowingly and voluntarily and not as a result of any
> force, threats, or promises, other than the promises in this plea
> agreement. The Defendant has conferred with counsel regarding
> this plea agreement and the facts and circumstances of the case,
> including the applicable law and potential defenses, and the
> Defendant is fully satisfied with the representation, advice, and
> other assistance of counsel in this case.

*Id.* at PageID 127.

For the taking of the plea of guilty, Judge Graham referred the case to Magistrate Judge Norah McCann King (ECF No. 73). Head appeared before Judge King on October 14, 2021, consented to appearing remotely[1] and to the reference to Judge King, and changed his plea to guilty (Minutes, ECF No. 82). The same day Judge King filed a Report and Recommendations concluding:

> Defendant's plea of guilty to Counts 5, 6, 7, and 8 of the Indictment
> is knowingly and voluntarily made with understanding of the nature
> and meaning of the charges and of the understanding of the nature
> and meaning of the charges and of the consequences of the plea.
>
> It is therefore RECOMMENDED that defendant's guilty plea to
> Counts 5, 6, 7, and 8 of the Indictment be accepted.

(ECF No. 85, PageID 172). The Report advised the parties of their right to object for fourteen days and of the consequences of failing to object. *Id.* Neither party objected and Judge Graham adopted the Report (ECF No. 87). Having considered a presentence investigation report, Judge Graham then sentenced Defendant to an aggregate term of imprisonment of 205 months (Judgment, ECF No. 103). Head took no appeal, but filed the instant Motion to Vacate *pro se* on October 15, 2021, within the time allowed by statute.

---

[1] Under the CARES Act, adopted by Congress to deal with the COVID-19 pandemic, defendants in criminal cases may, upon their consent, appear remotely.

In that Motion, Head asks the Court to set aside his "924(c) stacking conviction under the First Step Act." (ECF No. 117, PageID 383). He asserts Congress declared the stacking provision unconstitutional by adopting the First Step Act. *Id.* He asserts his attorney failed to appeal and also failed to guarantee his constitutional right to a public trial. *Id.* at PageID 383-84. He also asks that his Plea Agreement be reconsidered as regards the 924(c) stacking. *Id.* at PageID 384. He claims that stacking under 18 U.S.C. § 924(c) violates his right to due process of law and equal protection of the laws under the Fourteenth Amendment as well as his right to be free of cruel and unusual punishment under the Eighth Amendment. *Id.* at PageID 385. He asserts 924(c) stacking was a "manifest of injustice which demonstrates the unfairness in the criminal justice system towards African-Americans." *Id.* at PageID 385-86.

## Analysis

Defendant, who is proceeding *pro se*, asks this Court to construe his Motion liberally. He is entitled to that liberal reading. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, "[w]here, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)(Norris, J.), citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Progress of this case has been stalled by Defendant's failure to obey two Orders of Magistrate Judge Kimberly Jolson, to whom this case was initially referred. On October 25, 2021, on Motion of the United States, Judge Jolson ordered Defendant to file a formal waiver of attorney-client communication privilege within fourteen days and stayed any obligation of the United States

to respond until the waiver had been filed (ECF No. 120).  Defendant has done nothing in response to that Order and on January 5, 2022, Judge Jolson repeated her Order (ECF No. 122).

Having received a transfer of the Magistrate Judge reference shortly after Defendant's time to comply expired, the undersigned could conclude the Motion to Vacate should be dismissed for failure to prosecute.  However, federal procedural practice favors decisions of cases on the merits and Rule 4 of the Rules Governing § 2255 Proceedings suggests consideration of the merits before requiring the Government to answer.

Accordingly, Judge Jolson's Orders to Defendant to file a formal waiver of attorney-client communication privilege (ECF Nos. 120 and 122) are vacated.  The Court finds that by pleading a claim of ineffective assistance of trial counsel, Defendant has impliedly waived the privilege as to any attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States,* 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright*, 803 F.2d 1103 (11th Cir. 1986).

**First Step Act**

Head pleaded guilty to two violations of 18 U.S.C. § 924(c) which occurred, respectively, on March 26, 2019 (Count 6) and March 30, 2019 (Count 8)(Indictment, ECF No. 12).  He was sentenced on each of those two convictions to the mandatory minimum of seven years (eight-four months) imprisonment (Judgment, ECF No. 103).  These two seven-year terms are to run

consecutively to the two thirty-seven month terms imposed for the underlying Hobbs Act violations. *Id.*.

§ 403 of the First Step Act of 2018 (P.L. 115-301) became effective December 15, 2018, and provides:

> (a) **IN GENERAL**.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".

> (b) **APPLICABILITY TO PENDING CASES.**—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

Prior to enactment of the First Step Act if Head had been convicted of two violations of § 924(c), even if the convictions had occurred on the same day, the second conviction would have required imposition of a mandatory minimum consecutive sentence of twenty-five years under § 924(c)(1)(C)(i). This was the severe consequence known as "stacking." The First Step Act eliminated stacking and made the twenty-five year mandatory minimum applicable only if a first 924(c) conviction had "become final" before the second offense was committed. A conviction does not become final under federal law until appeals have been concluded or the time for appeal has run.

The First Step Act clearly applied to Head since the § 924(c) violations of which he was convicted occurred after December 15, 2018. It is plain from the face of the Judgment that the Court applied the First Step Act to him: he was sentenced on each § 924(c) violation as a first offender. Thus he has already obtained the benefits of the statutory amendment and has not been subjected to "stacking."

Because Head has not been subjected to stacking under § 924(c), his claim that stacking is unconstitutional is moot as is his claim that he received ineffective assistance of trial counsel when his attorney did not appeal any stacking portion of the judgment. His possibly separate claim that his attorney provided ineffective assistance when he did not assure Head received his constitutionally guaranteed public trial is waived by Head's waiving trial altogether by pleading guilty.

The Magistrate Judge concludes that it plainly appears from the records of the case that Head is not entitled to relief because his Motion to Vacate is without merit.

Aside from the merits, Head also waived by his Plea Agreement the right to challenge his conviction in a § 2255 motion, except for any claim of ineffective assistance of trial counsel. A defendant in a federal criminal case may waive his right to appeal so long as the waiver is valid. *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017); *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006).*United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001). As to the validity of the Plea Agreement and the guilty plea, Judge King found the plea to be valid and Head never objected to her Report and Recommendation to that effect.

The Plea Agreement preserved Head's right to file a motion to vacate for ineffective assistance of trial counsel. However, that claim is also without merit because Head does not claim he ever instructed counsel to appeal and there was not prejudice from failing to do so in that the issue he claims should have been appealed – stacking under § 924(c) – did not happen.

**Conclusion**

Based on the foregoing analysis, the undersigned Magistrate Judge respectfully recommends the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 24, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #